## Henry Kreher, Executor, Appellee, v. John B. Beckett et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the October term, 1916. Reversed with directions. Opinion filed October 11, 1917.

### Statement of the Case.

Bill by Henry Kreher, executor of the last will and testament of Richard Kreher, deceased, complainant, against John B. Beckett, George D. Miller, J. A. Brown and others, defendants, to enjoin an action by defendants to recover on certain promissory notes. Defendants filed a cross-bill, and, upon a hearing, both the original bill and the cross-bill were dismissed for want of equity. From the decree dismissing the cross-bill, defendants appeal and complainant assigns cross error to that part of the decree dismissing the original bill for want of equity.

MILLS BROTHERS and HERRICK & HERRICK, for appellants.

WHITLEY & FITZGERALD, REDMON, HOGAN & REDMON and VAIL, MILLER & POGUE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 230*—*what are rights of trustee under deed of assignment.* One taking a promissory note as trustee under a deed of assignment holds it subject to the same defenses which might have been urged against his assignor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. INJUNCTION, § 15*—*when bill to enjoin action at law does not lie.* A bill to enjoin the prosecution of an action at law will not lie when the complainant has a complete and adequate remedy at law, that is, where he can plead and maintain his defense in the action at law.

3. INJUNCTION, § 15*—*when equity will entertain jurisdiction to enjoin action at law.* A court of equity will entertain jurisdiction of a bill to enjoin the prosecution of an action at law, especially when its jurisdiction is not questioned, when the remedy at law is doubtful or incomplete. by reason of its involving complicated accounts or incidental matters bearing upon the ultimate rights of the parties, and when all of the questions involved can be determined and .the rights of all parties most advantageously or expeditiously adjusted in equity.

4. EQUITY, § 62*—*when will disregard form of transaction.* A court of equity will look to the substance rather than the form of a transaction in reaching a determination of material questions involved, and, as far as necessary to that end, will disregard matters of mere form.

5. BILLS AND NOTES, § 19*—*when evidence shows execution of notes for purpose of accommodation.* On a bill to enjoin the prosecution of an action at law by trustees to recover on notes held by them under an assignment, evidence *held* to show that such notes were executed for the accommodation of the assignor.

6. INJUNCTION, § 22*—*when prosecution of action at law by assignees of notes will be enjoined.* The prosecution of an action at law by the assignees of promissory notes to recover on such notes will be enjoined where the evidence shows that they were executed for the accommodation of the assignor.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.**